# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Charles Love,                                        Civil No. 07-4341 (JRT/SRN)

        Petitioner,

    v.                                               **REPORT AND RECOMMENDATION**

Lynn M. Dingle, Warden,

        Respondent.

_____

    Charles Love, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, Minnesota 55003, pro se

    Mark Nathan Lystig, Ramsey County Attorney's Office, 50 West Kellogg Boulevard, St. Paul, Minnesota 55102, for Respondent

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-captioned case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 1).[1]  The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1.  For the reasons discussed below, the Court recommends that Petitioner's application for habeas corpus relief be

_____

    [1] In a separate letter to the Court, Petitioner requested the status on his Application for Appointment of Counsel, which he states that he filed with the habeas petition.  (Doc. No. 9.) The record in this matter does not contain an Application for Appointment of Counsel. Nevertheless, the Court notes that there is neither a constitutional nor a statutory right to appointment of counsel in a habeas proceeding.  McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).  Except when an evidentiary hearing is necessary, the Court may use its discretion to appoint counsel in the interests of justice.  Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). The Court would not find that the interests of justice require appointment of counsel in this matter, as Petitioner has shown the ability to adequately research and present his claims, and an evidentiary hearing is unnecessary to resolve the issues in this matter.

denied and dismissed with prejudice.

## I.   BACKGROUND

In August 2005, Petitioner was charged with six burglaries committed in January and February 2005.  State v. Love, No. A06-7, 2007 WL 1412756 (Minn. Ct. App. May 15, 2007).[2] After a jury trial in Ramsey County, Minnesota, Petitioner was found guilty on five of the six counts, and acquitted on one count of burglary in the second degree.  Id.

The trial was bifurcated.  In the second phase of the trial, the parties stipulated that Petitioner had at least five prior felony convictions for purposes of Minnesota's career-offender sentencing provisions under Minn. Stat. § 609.1095.  The jury heard evidence regarding the prior convictions, and found beyond a reasonable doubt that Petitioner had committed each of the five offenses as a part of a pattern of criminal conduct.  The trial court subsequently imposed aggravated, durational departure sentences.  Petitioner was sentenced to 120 months for count one and 60 months for each of the other four counts, each sentence to run concurrently.

In his direct appeal to the Minnesota Court of Appeals, Petitioner raised a total of four issues: two issues in the brief submitted by his appellate counsel, and two issues submitted in his pro se supplemental brief.  Specifically, Petitioner's counsel raised the issues of whether the district court erred because it lacked authority to convene a sentencing trial to consider aggravating sentencing elements, and whether the district court violated the Ex Post Facto Clause of the United States Constitution by convening a sentencing trial.  (Appellant's Br., Appendix to Mem. Opp'n Pet. Writ Habeas Corpus; Doc. No. 7 ("Appendix").)  Petitioner raised

---

[2] Petitioner was charged with two counts of second degree burglary and four counts of third degree burglary, in violation of Minn. Stat. §§ 609.582, subds. 2(d), 3; and 609.1095, subd. 4.

the additional issues of whether the district court erred when it submitted a special interrogatory to the jury, and whether the district court violated the Double Jeopardy and Ex Post Facto Clauses of the federal and state constitutions by convening a sentencing jury.  (Appellant's <u>Pro Se</u> Suppl. Br., Appendix.)

On May 15, 2007, the Minnesota Court of Appeals affirmed the trial court.  <u>Love</u>, 2007 WL 1412756, at *4.  Petitioner filed a petition for review to the Minnesota Supreme Court.  (Pet. Review Ct. Appeals' Decision, Appendix).  In his petition for review, Petitioner presented the following issue:

> Did [the] district court have the inherent authority to convene a sentencing jury when, at the time of Mr. Love's sentencing, the career offender sentencing statute, Minn. Stat. § 609.1095, had been amended by the legislature to specifically provide for the use of sentencing juries in determining the presence of the necessary aggravating factors only for offenses committed on or after August 1, 2005?

(<u>Id.</u> at 1.)  The Minnesota Supreme Court denied review on August 7, 2007.

On October 18, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He raises two grounds for relief.  Ground One of the petition states:

> Whether a district court has the inherent authority to disregard the express language of a sentencing statute specifically amended to apply only to offenses committed on or after August 1, 2005? (2005 Minn. Laws, ch.136, art.16, §12); also violates the Ex Post Facto Clause.

Ground Two of the petition states:

> The district court's convening of a sentencing trial violated the Ex Post Facto Clause.

In response to the habeas petition, Respondent asserts that Petitioner's inherent authority claim does not present a question of federal law, and his ex post facto claim has been

procedurally defaulted.  Respondent alternatively argues that the petition does not warrant relief on the merits.

## II.     DISCUSSION

Habeas review is available to determine whether there has been a violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).

In 1996, Congress passed the Anti-terrorism and Effective Death Penalty Act (AEDPA), which limited habeas review to adjudications that:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A petitioner must exhaust his state court remedies before presenting his claims in a federal habeas petition, and he does so by fairly presenting his federal constitutional claims to the highest available state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Iowa, 53 F.3d 199, 200-01 (8th Cir. 1995) (quoting Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988))).  A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the

presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004).

If a petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted.  A claim is unexhausted if it has not been fairly presented in one complete round of the state's established appellate review process, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), but the petitioner has the right, under state law, to raise the claim by any available procedure.  28 U.S.C. § 2254(c).

A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Federal habeas review is then barred unless the prisoner can demonstrate cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice.  Id.

When the Minnesota Supreme Court denies a petition for review of a Minnesota Court of Appeals decision, the petitioner must determine whether his claims can be reviewed pursuant to a post conviction motion.  McCall, 114 F.3d at 757.  To make this determination, Minnesota courts apply the Knaffla rule which states: "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."  State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976).  There are two exceptions to the Knaffla rule:  (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal; or (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness requires review.  Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006).

5

When a claim is procedurally defaulted in state court, the federal habeas court must determine whether the prisoner has demonstrated cause and prejudice for the default, or whether the failure to consider the claims will result in a fundamental miscarriage of justice.  McCall, 114 F.3d at 758.  Prejudice need not be considered where a petitioner has failed to fulfill the cause prong of the test.  Id.  The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person.  Id.  If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim.  Carney v. Fabian, 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

The Court will address, in turn, whether each claim is appropriate for federal habeas review under the principles described above.

## A.       Inherent Authority of the Trial Court

Petitioner's first claim for habeas relief is whether the trial court had inherent authority to convene a sentencing jury.  Respondent argues that this claim is inappropriate for habeas review because it is entirely a matter of state law.  Petitioner responds that his claim raises an issue of federal law because the state court's findings and actions mimicked those of the United States Supreme Court in resolving an issue of federal law in Blakely v. Washington,  542 U.S. 296 (2004).

In Blakely, the Supreme Court held that a state court's sentencing procedure involving judicial fact-finding to enhance a maximum sentence violated the Sixth Amendment right to a jury trial.  Id. at 307-09.  Petitioner's assertion that the state court's findings and actions mimicked those of the Blakely Court is simply incorrect.  The Minnesota Court of Appeals was not asked whether the judge in Petitioner's trial inappropriately made factual findings under the

state's sentencing scheme.  Quite the opposite, the issue raised before the appellate court was whether the trial court had the inherent authority to convene a jury to make the necessary factual findings under the state's sentencing laws in order to avoid violating Petitioner's Sixth Amendment right to a jury trial.  The issue was not raised, or addressed, under federal law. Furthermore, the <u>Blakely</u> Court did not address whether state courts could comply with its decision by using their inherent powers to convene sentencing juries.

To resolve Petitioner's claim, this Court would be required to reexamine the Minnesota Court of Appeals' decision on the inherent authority of Minnesota trial courts.  The Minnesota Court of Appeals' resolution of Petitioner's inherent authority claim was based on its analysis of several state law cases, which interpret a state court's inherent power under the Minnesota Constitution.  <u>See Love</u>, 2007 WL 1412756, at *2 (citing <u>State v. Chauvin</u>, 723 N.W.2d 20, 24 (Minn. 2006) (quoting <u>In re Clerk of Lyon County Courts' Compensation</u>, 241 N.W.2d 781, 786 (1976)); <u>State v. Boehl</u>, 726 N.W.2d 831 (Minn. Ct. App. 2007).  These cases involve the procedures employed by the Minnesota state courts to comply with <u>Blakely</u>, not the substantive right announced in <u>Blakely</u>.  It is not the province of a federal habeas court to review such a matter of state law, and the claim should be dismissed.

### B.    Ex Post Facto Clause

Petitioner next claims that the state trial court violated the Ex Post Facto Clause of the United States Constitution.  Respondent contends that although this claim presents a federal question, Petitioner failed to exhaust his state remedies because he did not include the claim in his petition for review of the Minnesota Court of Appeals' decision.  Respondent argues that the claim is procedurally defaulted because Petitioner can no longer raise the issue in a petition for post conviction relief.  Petitioner asserts that he relied on appellate counsel to petition the

Minnesota Supreme Court for review, and counsel preserved his federal claims by including the following language in the petition for review:

> For the foregoing reasons, as well as the reasons outlined in petitioner's briefs to the Court of Appeals, Petitioner Charles Edward Love requests that this Court review his case.

(Pet. for Review at 6, Appendix.)

This case is not precisely on point with <u>Baldwin</u>, where the petitioner did not fairly present a federal claim because he could not simply assume the reviewing court has the opportunity to discover the federal nature of the claim by reading the lower court opinion.  541 U.S. at 29-30.  The difference in this case is that Petitioner's counsel explicitly incorporated all of the claims made by the petitioner in the Court of Appeals, rather than assuming that the Minnesota Supreme Court would read the record below.

Assuming arguendo that Petitioner's appellate counsel failed to properly preserve Petitioner's claims under the rule announced in <u>Baldwin</u>, Petitioner might raise an ineffective assistance of appellate counsel claim, which must first be brought in state court.  Therefore, this is one of the instances where the interests of judicial economy are served by addressing Petitioner's claim on the merits because the issue of procedural default is complex.  <u>See</u> <u>Barrett v. Acevedo</u>, 169 F.3d 1155, 1162 (8th Cir. 1999) (<u>en banc</u>) (addressing merits without resolving procedural default), <u>cert.</u> <u>denied</u> 528 U.S. 846 (1999); <u>Trussell v. Bowersox</u>, 447 F.3d 588, 590 (8th Cir. 2006) (confirming that procedural default is not a jurisdictional bar), <u>cert.</u> <u>denied</u> 127 S. Ct. 583 (2006).

Petitioner does not argue that the Minnesota Court of Appeals' rejection of his claim under the Ex Post Facto Clause of the Constitution was based on an unreasonable determination of the facts.  Therefore, habeas relief is available only if the decision was contrary to, or involved

8

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

Petitioner has not cited any clearly established Supreme Court precedent that stands for the proposition that the trial court violated the Ex Post Facto Clause of the Constitution by using its inherent power to convene a sentencing jury, nor does this Court find any such precedent. Instead, it is Petitioner's contention that because the legislature had not amended Minnesota law to allow the court to convene a jury for sentencing purposes at the time he was sentenced, the court violated the Ex Post Facto Clause by relying on its inherent authority, before the legislature granted such authority, to convene a jury for sentencing purposes.

The Supreme Court reviewed its ex post facto jurisprudence in Collins v. Youngblood, 497 U.S. 37, 41-46 (1990).  The foundation for the Court's ex post facto jurisprudence is the very early Calder decision.  Id. at 41-42.  In Calder, Justice Chase described four categories of concerns under the Ex Post Facto Clause:

> 1st.  Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.  2nd.  Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd.  Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  4th.  Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of commission of the offence, in order to convict the offender.

Calder v. Bull, 3 Dall. 386, 390, 1 L. Ed. 648 (1798) (Chase, J.).

Here, the Minnesota Court of Appeals held that Petitioner was on notice that his prospective conduct was illegal and carried possible punishments of 120 months for burglary in the second degree and 60 months for burglary in the third degree, pursuant to Minn. Stat. § 609.582, subds. 2, 3, and that such notice satisfied the Ex Post Facto Clause.  Love, 2007 WL

1412756, at * 3.  The court did not unreasonably apply the Supreme Court's clearly established ex post facto precedent.  To the contrary, its analysis reflected the basic substance of the Ex Post Facto Clause: that Petitioner was on notice of the crimes, and the maximum degree of punishment for the crimes, at the time the crimes were committed.  The new procedures employed by the trial court at the sentencing stage did not alter the elements of the crimes or the level of punishment for the crimes.  Therefore, Petitioner's ex post facto claim should be denied on the merits.

**III.    CONCLUSION**

Ground One of the petition does not present an issue of federal law and is therefore inappropriate for habeas review.  Ground Two of the petition fails on the merits.

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED**; and

2.    This action be **DISMISSED WITH PREJUDICE**.

Dated: March 5, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 20, 2008 ,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting

party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.