**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| CHARLES LOVE, | Civil No. 07-4341 (JRT/SRN) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| WARDEN LYNN DINGLE, | |
| Respondent. | |

---

Charles Love, #128520, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003, petitioner *pro se*.

Mark Nathan Lystig, Assistant Ramsey County Attorney, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 50 West Kellogg Boulevard, St. Paul, MN 55102; Peter R. Marker and Kimberly R. Parker, Assistant Attorneys General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, Suite 900, 445 Minnesota Street, St. Paul, MN 55101; for respondent.

This matter is before the Court on Charles Love's objections to a Report and Recommendation issued by United States Magistrate Judge Susan R. Nelson. That Report and Recommendation, dated March 5, 2008, recommended the dismissal of Love's request for habeas corpus relief pursuant to 28 U.S.C. § 2254. After having reviewed Love's objections *de novo*, *see* 28 U.S.C. § 636(b)(1), the Court overrules those objections and adopts the Report and Recommendation of the Magistrate Judge.

**BACKGROUND**

On August 1, 2005, Love was convicted of five counts of burglary in Minnesota state court. Because Love had more than five prior felony convictions, he was potentially

eligible for a sentencing enhancement under Minnesota's career offender statute. *See* Minn. Stat. § 609.1095, subd. 4. That enhancement applies where an offender commits his sixth felony and that felony is "committed as part of a pattern of criminal conduct." *Id*. The judge convened a jury to consider this enhancement and, after hearing evidence concerning Love's prior convictions, the jury found beyond a reasonable doubt that the enhancement applied.

At his sentencing, Love objected to the use of a jury to apply the career offender statute. Prior to 2005, this statute called for the requisite findings to be made by a judge. However, in 2004 in *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that facts permitting a penalty beyond a statutory maximum must be proven to a jury. The Minnesota legislature responded to this decision by amending section 609.1095 to provide that a "factfinder" must make the requisite findings. However, the amendment applies only to crimes committed on or after August 1, 2005, months after the crimes committed by Love. *See State v. Love*, No. A06-7, 2007 WL 1412756, at *2 (Minn. Ct. App. May 15, 2007). Love argued that it was therefore impermissible for the judge to convene a sentencing jury in his case and that doing so violated the ex post facto clauses of the Minnesota and federal constitutions.

Love's objection was denied by the trial court and rejected by the Minnesota Court of Appeals, which concluded that the trial judge had inherent authority in these circumstances to convene a sentencing jury and that Love had sufficient notice to satisfy both constitutions. *See Love*, 2007 WL 1412756, at *2-3; *State v. Chauvin*, 723 N.W.2d 20, 23-27 (Minn. 2006) (holding that Minnesota trial courts had inherent authority to

satisfy *Blakely* by using a sentencing jury).  The Minnesota Supreme Court denied review of that decision on August 7, 2007.  Love then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again alleging that the trial court lacked authority to convene a sentencing jury and that doing so violated the Ex Post Facto Clause.

## ANALYSIS

### I.   STANDARD OF REVIEW

A writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court" if that person "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  However, a federal court may not grant habeas corpus relief to a state prisoner on any issue that was adjudicated on the merits in state court unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d).  Love does not challenge any findings of fact, leaving only the question of whether the Minnesota state courts unreasonably applied clearly established federal law.

### II.   INHERENT AUTHORITY

Love again challenges whether the trial court had the inherent authority to convene a sentencing jury.  As the Magistrate Judge correctly stated, however, "a state court's interpretation of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Here, the Minnesota Court of Appeals made a decision about the inherent authority granted to Minnesota's state trial courts under Minnesota's state constitution. *See Clerk of Court's Compensation for Lyon County v. Lyon County Comm'rs*, 241 N.W.2d 781, 786 (Minn. 1976) (explaining that the inherent authority doctrine is grounded in "the judicial function as contemplated in our state constitution"). This Court agrees with the Magistrate Judge that this places this issue beyond the province of a federal habeas court.

## III.   EX POST FACTO CLAUSE

Love next argues that the application of the career offender enhancement violates the Ex Post Facto Clause. A statute is barred under the Ex Post Facto Clause if it (1) "punishes as a crime an act previously committed, which was innocent when done;" (2) "makes more burdensome the punishment for a crime, after its commission;" or (3) "deprives one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (quotation omitted). Here, however, Love's complaint is not directed at retroactive *legislation*. Rather, he complains of an improper application of the inherent authority doctrine, which arises under Minnesota's common law. Challenges to retroactive changes in the common law or unexpected interpretations of pre-existing criminal statutes are properly raised under the Due Process Clause. *See generally Rogers v. Tennessee*, 532 U.S. 451 (2001). In any event, the Court agrees with the Magistrate

Judge that Love has not identified an unreasonable application of clearly established federal law.

The Due Process Clause prohibits the retroactive application of new interpretations of criminal statutes or alterations of criminal common law doctrines where these changes are "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Id.* at 461-62 (quotation omitted). Unlike judicial review of retroactive legislation under the "broader" Ex Post Facto Clause, review of a court's application of criminal laws to a particular defendant – "which by its nature is retroactive" – "rests on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Niederstadt v. Nixon*, 505 F.3d 832, 836 (8th Cir. 2007) (quotations omitted).

Here, the Minnesota Court of Appeals determined that Love had adequate notice to satisfy the federal constitution, noting that (1) the impact of the disputed change was merely procedural, (2) the change served to "vindicate, not violate" Love's constitutional rights, and (3) at the time of his conduct, Love had notice of the "possible" enhanced sentence that he ultimately received. *Love*, 2007 WL 1412756, at *3. This Court agrees that this analysis was consistent with the principles set forth above, as well as with prior decisions issued by the Supreme Court. *See, e.g.*, *Dobbert v. Florida*, 432 U.S. 282, 292-94 (1977) (rejecting, under the broader Ex Post Facto Clause, a challenge to a statute retroactively changing the roles of the judge and jury in imposing a death sentence); *see also Hankerson v. State*, 723 N.W.2d 232, 242 (Minn. 2006) (noting that *Dobbert* and

*Collins* "make clear that a change affecting the identity of the fact finder is procedural and thus is not burdened by ex post facto restrictions"). Love had notice of the criminality of his conduct, as well as the legislature's authorization of the enhanced penalties under the career offender statute. While the identity of the relevant fact finder was unsettled by *Blakely*, a correction of this procedure was foreseeable in light of the Supreme Court's mandate, and failed to offend the core concerns embodied in the Due Process Clause. Accordingly, the Court agrees with the Magistrate Judge that Love's petition should be denied and this action should be dismissed with prejudice.

## IV.     CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide the issues raised in this petition differently. The Court therefore declines to grant petitioner a certificate of appealability.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 13] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated March 5, 2008 [Docket No. 12].  **IT IS HEREBY ORDERED** that:

1.  Love's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

2.  For the purposes of appeal, the Court does not grant Love a certificate of appealability under 28 U.S.C. § 2253(c)(2).

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to the petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: October 27, 2008　　　　　　　　　　\_\_\_\_s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge